IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAURA B. GOSS                                                                                    PLAINTIFF

V.                                         NO. 15-2250

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Laura B. Goss, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on June 25, 2013, alleging an inability to work since June 9, 2009,[1] due to fibromyalgia, depression, bursitis, thyroid, and high blood pressure. (Doc. 14, pp. 162-163, 197-198, 202). An administrative hearing was held on June 11, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 14, pp. 32-54).

---

[1] Plaintiff's counsel amended the onset date to June 1, 2013, at the hearing held before the ALJ. (Doc. 14, p. 37).

1

By written decision dated March 6, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – Musculoskeletal Disorder (Disorders of Muscle, Ligament, and Fascia, fibromyalgia); Cardiovascular Disorder (Hypertension); and Mental Disorder (Mood Disorder, depression). (Doc. 14, p. 20). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 14, p. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 415.967(b) except as follows: The claimant is able to frequently lift and/or carry ten pounds and occasionally twenty pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. The claimant can perform work consisting of simple tasks requiring simple instructions.

(Doc. 14, p. 23). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform her past relevant work as a mail clerk and envelope stuffing machine operator. (Doc. 14, p. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 29, 2015. (Doc. 14, pp. 5-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);   20 C.F.R.§§ 404.1520, 416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520,  416.920.

## III.    Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ failed to fully develop the record; 2) Whether the ALJ erred as to his credibility findings; and 3) Whether the ALJ erred in his RFC determination. (Doc. 12).

### A. Credibility Findings:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical

4

evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

Plaintiff argues that the ALJ did not perform a proper Polaski analysis in terms of credibility. In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Doc. 14, p. 23). The ALJ addressed Plaintiff's daily activities, and concluded that she had mild restriction in her daily activities. (Doc. 14, p. 22). He discussed the fact that Plaintiff was able to feed and dress herself and attend to personal hygiene, drive a car, shop in stores, perform some household chores, and prepare simple meals. (Doc. 14, p. 22). The ALJ also noted that Plaintiff had some history of non-compliance, referencing a March 8, 2010 medical report, which indicated that Plaintiff had been on Synthroid, but it was not thought she had really been taking it regularly. (Doc. 14, p. 282). The ALJ also noted that Dr. Larry Price, of Good Samaritan Clinic, reported on September 8, 2010, that Plaintiff had not been taking the prescribed atenolol for her blood pressure. (Doc. 14, p. 307).

Plaintiff argues that the ALJ did not discuss side effects of medications. However, on September 5, 2013, Plaintiff denied any side effects of medications to Dr. Terry L. Efird, Ph.D., during a Mental Diagnostic Evaluation. (Doc. 14, p. 377). The ALJ also discussed all of Plaintiff's medical records, including those that pre-date the amended onset date. (Doc. 14, pp. 23-26). The ALJ noted that prior to the diagnosis of coronary disease and treatment, which occurred subsequent to the hearing in June of 2014, work-ups were performed,

5

including: CT scans, a stress electrocardiogram and an echocardiogram, performed in 2010, which showed generally normal conditions; x-rays of Plaintiff's left hip, taken in 2013, was negative (D0c. 14, p. 24); and electrocardiogram results in 2014 were within normal limits. (Doc. 14, p. 25).

In addition, the ALJ addressed Plaintiff's coronary bypass surgery that was conducted by Dr. David Miller, D.O., on June 25, 2014, and correctly noted that Plaintiff was discharged to her home on June 30, 2014, and there was no medical evidence suggesting that a normal recovery was not expected. (Doc. 14, p. 25). In fact, a General Physical Examination conducted four months after the surgery, on October 31, 2014, by Dr. Clifford Lamar Evans, revealed Plaintiff had full range of motion in her cervical and lumbar spine, and Dr. Evans assessed Plaintiff with mild to moderate limitations to the body as a whole, due to periodic flair of fibromyalgia. (Doc. 14, p. 26). The ALJ properly noted that no testing to confirm a medical diagnosis of fibromyalgia was cited. (Doc. 14, p. 26).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

**B. RFC Determination:**

Plaintiff argues that the ALJ failed to incorporate both the mental and physical findings of the treating physician and consulting psychologist, and that her pain and depression were not adequately considered in terms of the RFC.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Gilliam's v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005);

Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013)).

In making his RFC determination, the ALJ discussed all of the medical records relating to Plaintiff's alleged physical impairments as well as the records relating to Plaintiff's alleged mental impairments. (Doc. 14, pp. 23-26). The ALJ gave the opinions of Plaintiff's examining and treating physicians substantial weight, and noted that Plaintiff had not been entirely compliant with prescribed medical treatment for hypertension and hyperlipidemia. (Doc. 14, p. 26). The ALJ also noted that the evidence did not show any limitations arising from coronary artery disease post coronary artery bypass grafting. The ALJ discussed the fact that it was reported that on April 21, 2014, that Plaintiff was caring for her mother, who has Alzheimer's disease, at least five days a week, which the ALJ believed demonstrated that she was able to perform work activity when she was so inclined. (Doc. 14, p. 26). The ALJ also discussed the GAF scores given by Dr. Efird (55-65) and

Psychologist Christina Couch, Psy.D., of Western Arkansas Counseling and Guidance (55). (Doc. 14, p.p. 24-25).

It is also noteworthy that non-examining consultants, Dr. Bill F. Payne and Dr. Janet Cathey, opined that Plaintiff could perform medium work. (Doc. 14, pp. 64, 89).

Considering the record as a whole, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### C. Failure to Fully and Fairly Develop the Record:

Plaintiff argues that "[i]f in this case the ALJ thought that the Plaintiff's true work related restriction[sic] were not evident from the record, we believe that the ALJ should have sought further clarification regarding the severity of her impairments from her treating physicians." (Doc. 12, p. 8).

Plaintiff fails to show where the ALJ was unsure of Plaintiff's true work related restrictions. "Plaintiff bears a heavy burden in showing the record has been inadequately developed." Chapman v. Colvin, No. 4:15-CV-00522-JLH-JJV, 2016 WL 2585652 at *4 (E.D. Ark. Apr. 11, 2016). The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

"The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

The Court believes the existing medical sources in the record contain sufficient evidence for the ALJ to make a determination as to Plaintiff's work related restrictions.

Based upon the foregoing, the Court finds Plaintiff has failed to show the ALJ failed to fully and fairly develop the record.

### D.     Hypothetical Question to the VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff would be able to perform her prior work as mail clerk and envelope stuffing machine operator. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.    Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 15th day of December, 2016.

*/s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE